UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL B. KOLAR, | ) | CASE NO.: 5:21CV1490 |
| Plaintiff, | ) ) ) | JUDGE JOHN ADAMS |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) | |

This matter comes before the Court on objections filed by Plaintiff Michael Kolar to the Report and Recommendation ("R&R") of the Magistrate Judge. On September 15, 2022, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the decision of the Commissioner. Doc. 14. On September 29, 2022, Kolar objected to the R&R. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

> In his sole objection, Kolar contends as follows:
>
> In this matter, the medical evidence documented that a cane was prescribed on July 20, 2020 (Tr. 1068) for Plaintiff's balance and gait (Tr. 1070). Thus, contrary to the finding in the R&R, the record supported both the need for an assistive device as well as the prescription for the single prong cane. Since Plaintiff provided evidence that a cane was both prescribed and the reasoning for that prescription, there was an obligation to conclude that the cane was medically necessary.

Doc. 15 at 1. In so arguing, Kolar ignores the resolution of this issue by the R&R. In rejecting this argument, the R&R held:

> Regarding the medical necessity of a cane, Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *7 (Jul. 2, 1996), provides the following:
>
> **Medically required hand-held assistive device**: To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). (Emphasis in original).
>
> The medical record Kolar relies upon to establish the medical necessity of a cane states: "c9 for single prong to increase stability with mobility[.]" Even if this satisfied the first requirement above (i.e., medical documentation establishing the need for a cane), it does not satisfy the second requirement (i.e., medical documentation describing the circumstances for which the cane is needed). As a result, Kolar did not satisfy the criteria under SSR 96-9p, and the ALJ did not err by determining that a cane was not medically necessary.

Doc. 14 at 32.

In his objection, Kolar again ignores that SSR 96-9p has two prongs. Kolar arguably satisfies the first – the need for a cane to "aid in walking or standing." However, Kolar offered no evidence of the *circumstances* under which the cane was necessary. Without providing such information, not only was SSR 96-9p not satisfied, but it would not be possible to include any limitations in the RFC because there would be no medical basis for such limitations. Accordingly, Kolar has failed to demonstrate any error in the R&R's resolution of this issue.

For the reasons stated above, Kolar's objection is OVERRULED. The R&R is

ADOPTED IN WHOLE.   The decision of the Commissioner is hereby AFFIRMED.

    IT IS SO ORDERED.


Dated: October 6, 2022                                           */s/ John R. Adams*
                                                                              JUDGE JOHN R. ADAMS
                                                                              UNITED STATES DISTRICT JUDGE